1  Gregory Alan Rutchik, Esq. (SBN: 195423)
       grutchik@linerlaw.com
2  Joshua S Levenberg, Esq. (SBN: 203504)
       jlevenberg@linerlaw.com
3  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
4  199 Fremont Street, 20th Floor
   San Francisco, CA 94105-2255
5  Telephone: (415) 489-7700
   Facsimile: (415) 489-7701
6
7  Attorneys for Defendant and Counterclaimant
   TONIC WEAR, INC.
8  Robert G. Klein, Esq. (SBN: 128550)
   LAW OFFICE OF ROBERT G. KLEIN
9  555 West 5th Street, 31st Floor
   Los Angeles, CA 90013-1010
10
   Telephone: (213) 996-8508
11 Facsimilie: (213) 947-1441

12 Attorneys for Plaintiff and Counterdefendant
   ACME STUDIOS, INC.
13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16

17 | ACME STUDIOS, a Hawaii corporation, ) | Case No. 3:05-cv-04962-MHP
18 |                Plaintiffs,         ) | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
19 |         vs.                        ) | Date Action Filed: June 21, 2005
20 | TONIC WEAR, INC., a California corporation; , ) |
21 |                Defendants.         ) | Honorable US District Court Judge
22 | TONIC WEAR, INC., a California corporation, ) |
23 |                Counterclaimant,    ) |
24 |         vs.                        ) |
25 | ACME STUDIOS, INC., a Hawaii corporation, ) |
26 |                Counterdefendant.   ) |
27

28        1.    PURPOSES AND LIMITATIONS

1    Disclosure and discovery activity in this action are likely to involve production of
2 confidential, proprietary, or private information for which special protection from public disclosure
3 and from use for any purpose other than prosecuting this litigation would be warranted.
4 Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated
5 Protective Order (the "Order").  The parties acknowledge that this Order does not confer blanket
6 protections on all disclosures or responses to discovery and that the protection it affords extends
7 only to the limited information or items that are entitled under the applicable legal principles to
8 treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that
9 this Order creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5
10 sets forth the procedures that must be followed and reflects the standards that will be applied when
11 a Party seeks permission from the Court to file material under seal.

12    2.    DEFINITIONS

13    2.1    Party:  any party to this action, including all of its officers, directors,
14 employees, consultants, retained experts, and outside counsel (and their support staff).

15    2.2    Disclosure or Discovery Material:  all items or information, regardless of the
16 medium or manner generated, stored, or maintained (including, among other things, testimony,
17 transcripts, or tangible things) that are produced or generated in disclosures or responses to
18 discovery in this matter.

19    2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how
20 generated, stored or maintained) or any tangible thing that the Designating Party believes in good
21 faith constitutes proprietary commercial financial information, the disclosure of which may
22 implicate a right of financial privacy or have the effect of causing harm to the competitive position
23 of the person, firm, partnership, corporation or to the organization from which the information was
24 obtained.  "CONFIDENTIAL" Information or Items may include, but are not limited to,
25 information or things that concern or relate to the products, processes, operations, software,
26 designs, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers,
27 identification of customers, inventories, amount or source of any income, profits, losses or
28 expenditures of any persons, firm, partnership, corporation or other organization.  All such

1  "CONFIDENTIAL" Information or Items shall only be used for the purpose of this litigation but
2  need not be filed under seal if such information or items to be used in court qualify for protection
3  under standards developed under F.R. Civ. P. 26(c). By designating information or items as
4  "CONFIDENTIAL" under the terms of this Order, the Designating Party is certifying to the Court
5  that there is a good faith basis in law and in fact for the designation within the meaning of Federal
6  Rules of Civil Procedure 26(g).

7      2.4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information
8  or Items:  extremely sensitive "CONFIDENTIAL" Information or Items that the Designating Party
9  believes in good faith constitutes a trade secret or other highly confidential research, development,
10 financial or commercial information, including, but not limited to, information or items that
11 concern or relate to the products, processes, operations, software, designs, type or work, or
12 apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers,
13 inventories, amount or source of any income, profits, losses or expenditures of either Party, the
14 dissemination of which to another Party or non-party is likely to create a substantial risk of harm to
15 the ability of the Designating Party and/or its affiliates to conduct business in a competitive
16 fashion. Items or information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
17 ONLY" may not be stored or viewed at Plaintiffs', Defendants' or Third-Party Defendant's
18 business location (excluding the Designating Party).

19      2.5   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material
20 from a Producing Party.

21      2.6   <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery
22 Material in this action.

23      2.7   Designating Party: a Party or non-party that designates information or items
24 that it produces in disclosures or in responses to discovery as "Confidential" or "HIGHLY
25 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26      2.8   Protected Material: any Disclosure or Discovery Material that is designated
27 as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28      2.9   <u>Outside Counsel</u>: attorneys who are not House Counsel, as defined below, but who

are retained to represent or advise a Party in this action. Unless otherwise expressly approved through stipulation or order, Outside Counsel shall include the partners, associates and their support staff appearing on behalf of the parties to this litigation from the law firms of LAW OFFICE OF ROBERT G. KLEIN, Attorneys for Plaintiff and Counterdefendant ACME STUDIOS, INC. and LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, Attorneys for Defendant and Counterclaimant.

  2.10 <u>House Counsel</u>: attorneys who are employees of or provide legal services on a full time basis and work on the premises of a Party or affiliate of a Party who have been identified, in writing, to the opposition Party and its Outside Counsel and who have executed the Acknowledgement and Agreement to be bound, attached as Exhibit "A" hereto.

  2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

  2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

   5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

   If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings) that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page

1 qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,
2 by making appropriate markings in the margins) and must specify, for each portion, the level of
3 protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
4 ATTORNEYS' EYES ONLY").

5       A Party or non-party that makes original documents or materials available for
6 inspection need not designate them for protection until after the inspecting Party has indicated
7 which material it would like copied and produced. During the inspection and before the
8 designation, all of the material made available for inspection shall be deemed "HIGHLY
9 CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the
10 documents it wants copied and produced, the Producing Party must determine which documents, or
11 portions thereof, qualify for protection under this Order, then, before producing the specified
12 documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
13 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains
14 Protected Material. If only a portion or portions of the material on a page qualifies for protection,
15 the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
16 markings in the margins) and must specify, for each portion, the level of protection being asserted
17 (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

18       (b) <u>for testimony given in deposition or in other pretrial or trial
19 proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record,
20 before the close of the deposition, hearing, or other proceeding, all protected testimony, and further
21 specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –
22 ATTORNEYS' EYES ONLY."

23       When testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
24 – ATTORNEYS' EYES ONLY" is elicited during a deposition, persons not entitled to receive such
25 information under the terms of this Order shall be excluded only from the portion of the deposition
26 that the examining attorney reasonably believes that "CONFIDENTIAL" OR "HIGHLY
27 CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be elicited.

28       Transcript pages containing Protected Material must be separately bound by the court

1  reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party
3  offering or sponsoring the witness or presenting the testimony. Counsel attending a deposition who
4  inadvertently fails to designate any portion of the transcript as "CONFIDENTIAL" or "HIGHLY
5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record at the deposition shall have
6  twenty (20) days following mailing of the transcript by the court reporter in which to do so. Such
7  correction and notice thereof shall be made in writing to the court reporter, with copies to all other
8  counsel, designating the portion(s) of the transcript that constitute "CONFIDENTIAL" or
9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and directing the
10 reporter to place the same under seal. Until expiration of the aforesaid twenty (20) day period, all
11 deposition transcripts shall be considered and treated as "CONFIDENTIAL – ATTORNEYS'
12 EYES ONLY" material, unless otherwise agreed on record at the deposition.

13            (c)    <u>for information produced in some form other than documentary, and
14 for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of
15 the container or containers in which the information or item is stored the legend
16 "CONDFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only
17 portions of the information or items warrant protection, the Producing Party, to the extent
18 practicable, shall identify the protected portions, specifying whether they qualify as
19 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20            (d)    <u>for information obtained from a Third Party</u>: If a Party serves a Third Party
21 with a subpoena or submits or causes to be submitted a public records act request, that Party shall
22 also serve a copy of this Order along with said subpoena/public records act request, and shall notify
23 the other Party of said subpoena/public records act request within two days of service/submission
24 thereof. Said Third Party may designate any item or document as "CONFIDENTIAL" and/or
25 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Order.
26            Additionally, any items or documents received from that Third Party shall be treated
27 as having been designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" for a
28 period of thirty (30) days, during which time each Party shall have an opportunity to review said

1  items and/or documents and designate same as "CONFIDENTIAL" and/or "HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If the parties dispute the designation of any
3  document or item, the designation affording the highest level of protection shall remain in place
4  until resolution of the issue, whether by agreement of the Parties or by court Order.

5        The Parties acknowledge and agree that not all documents defined under California
6  Government Code 6252(d) as a "public record" ( i.e., "any writing containing information relating
7  to the conduct of the public's business prepared, owned, used, or retained by any state or local
8  agency regardless of physical form or characteristics.") are subject to disclosure in response to a
9  public records act request and that the production of any document, including, but not limited to,
10 documents which are exempt from disclosure pursuant to California Government Code Section
11 6254.15, in response to a public records act request which contains trade secrets is improper.  If
12 documents containing trade secrets are produced in response to any public records act request,
13 either Party may designate those documents as "HIGHLY CONFIDENTIAL – ATTORNEYS'
14 EYES ONLY" AND/OR the Designating Party may take any action precude the use of that
15 document in this litigation.

16       5.3    <u>Inadvertent Failures to Designate</u>.

17       If corrected, an inadvertent failure to designate qualified information or items as
18 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not,
19 standing alone, waive the Designating Party's right to secure protection under this Order for such
20 material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the
22 Receiving Party, on timely notification of the designation, must make reasonable efforts to assure
23 that the material is treated in accordance with the provisions of this Order.

24     6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

25       6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
26 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
27 economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive
28 its right to challenge a confidentiality designation by electing not to mount a challenge promptly

1 after the original designation is disclosed.

2       6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (including by voice dialogue) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in

a secure manner that ensures that access is limited to the persons authorized under this Order.

       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

          (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

          (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

          (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

          (d)    the Court and its personnel;

          (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

          (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) or who have agreed to be bound by the terms of the Order on the record.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

          (g)    the author of the document or the original source of the information.

       7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

          (a)    the Receiving Party's Outside Counsel of record in this action, as

1  well as employees of said Counsel to whom it is reasonably necessary to disclose the information
2  for this litigation

3      (b)    House Counsel;

4      (c)    Experts (as defined in this Order) (1) to whom disclosure is
5  reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by
6  Protective Order" (Exhibit A) and (3) as to whom the procedures set forth in paragraph 7.4, below,
7  have been followed;

8      (d)    the Court and its personnel;

9      (e)    court reporters, their staffs, and professional vendors to whom
10 disclosure is reasonably necessary for this litigation; and

11     (f)    the author of the document or the original source of the information.

12     7.4.    PROCEDURES FOR APPROVING DISCLOSURE OF "HIGHLY
13 CONFIDENTIAL-ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS TO EXPERTS:

14     (a)    Unless otherwise ordered by the court or agreed in writing by the
15 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any
16 information or item that has been designated "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES
17 ONLY" first must make a written request to the Designating Party that (1) identifies the specific
18 information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the
19 full name of the Expert and the city and state or his or her primary residence; (3) attaches a copy of
20 the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies, to the
21 best of the Expert's reasonable ability, each person or entry from whom the Expert has received
22 compensation for work in his or her area of expertise or to whom the Expert has provided
23 professional services at any time during the preceding five years and (6) identifies (by name,
24 number of the case, fling date and location of court) to the best of the Expert's reasonable ability,
25 any litigation in connection with which the Expert has provided any professional services during
26 the preceding five (5) years.

27     (b)    A Party that makes a request and provides the information specified
28 in the preceding paragraph may disclose the Protected Material to the identified Expert unless,

1  within seven (7) court days of delivering the request, the Party receives a written objection from the
2  Designating Party. Any such objection must set forth in detail the grounds upon which it is based.
3              (c)     A Party that receives a timely written objection must meet and confer
4  with the Designating Party (preferably by or including voice to voice dialogue) to try to resolve the
5  matter by agreement. If no agreement is reached, the Party seeking to make the disclosure may file
6  a motion as provided in Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)
7  seeking permission from the court to do so. Any such motion must describe the circumstances with
8  specificity, set forth in detail the reasons for which the disclosure to the expert is reasonably
9  necessary, assess the risk of harm that the disclosure would entail and suggest any additional means
10 that might be used to reduce the risk. In addition, any such motion must be accompanied by a
11 competent declaration in which the movant describes the parties' efforts to resolve the matter by
12 agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the
13 reasons advanced by Designating Party for its refusal to approve the disclosure.
14         In any such proceeding, the Party opposing the disclosure to the Expert shall bear the
15 burden of proving that the risk of harm that the disclosure would entail (under the safeguards
16 proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.
17         8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>
18 <u>OTHER LITIGATION.</u>
19         If a Receiving Party is served with a subpoena or an order issued in other litigation
20 that would compel disclosure of any information or items designated in this action as
21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
22 Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately
23 and in no event more than three court days after receiving the subpoena or order. Such notification
24 must include a copy of the subpoena or court order.
25         The Receiving Party also must immediately inform in writing the Party who caused
26 the subpoena or order to issue in the other litigation that some or all the material covered by the
27 subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy
28 of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

1          The purpose of imposing these duties is to alert the interested parties to the existence
2   of this Order and to afford the Designating Party in this case an opportunity to try to protect its
3   confidentiality interests in the court from which the subpoena or order issued. The Designating
4   Party shall bear the burdens and the expenses of seeking protection in that court of its confidential
5   material – and nothing in these provisions should be construed as authorizing or encouraging a
6   Receiving Party in this action to disobey a lawful directive from another court.
7          9.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>. If a Receiving
8   Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or
9   in any circumstance not authorized under this Order, the Receiving Party must immediately (a)
10  notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to
11  retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized
12  disclosures were made of all the terms of this Order, and (d) request such person or persons to
13  execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.
14         10.    <u>FILING PROTECTED MATERIAL</u>. Without written permission from the
15  Designating Party or a court order secured after appropriate notice to all interest persons, a Party
16  may not file in the public record in this action any Protected Material designated as "HIGHLY
17  CONFIDENTIAL ATTORNEYS' EYES ONLY". A Party that seeks to file under seal any
18  Protected Material designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or
19  wishes to refer in a memorandum or other filing to information so designated by another Party that
20  Party must comply with Civil Local Rule 79-5. Within five days thereafter, the Designating Party
21  must file with the Court and serve a declaration establishing that the designated information is
22  sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw
23  the designation of confidentiality. If the Designating Party does not file its responsive declaration
24  as required by this subsection, the document or proposed filing will be made part of the public
25  record. If a Party seeks to use Protected Material designated as "HIGHLY CONFIDENTIAL
26  ATTORNEYS' EYES ONLY" in a Court proceeding and the Court denies a request for a sealing
27  order under Civil Local Rule 79-5, then the Protected Material may be filed in the public record
28  and not under seal. Protected Material with a "CONFIDENTIAL" designation need not be filed

under seal. If only a portion of the document, memorandum or other filing is sealable, the submitting Party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order.

11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION) above.

12. MISCELLANEOUS.

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. This Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13. PREVIOUS DISCLOSURES.

1         13.1 <u>Applicability</u>. The Parties may agree that this Order govern Disclosure and Discovery Material disclosed or produced prior to this Order.

        13.2 <u>Retroactive Designation</u>. Disclosure and Discovery Material disclosed or produced prior to this Order may be retroactively designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without prejudice to the Designating Party.

      IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

DATED: 7-11, 2006        LAW OFFICES OF ROBERT KLEIN

By _____
    Robert Klein
    Attorneys for Plaintiff and Counterclaim Defendants
    ACME STUDIOS, INC.

DATED: _____, 2006      LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP

By _____
    Gregory Alan Rutchik
    Attorneys for Defendant Tonic Wear, Inc. dba Acme Made and Counterclaimants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 19, 2006

_____
UNITED STATES DISTRICT

IT IS SO ORDERED
Judge Marilyn H. Patel